# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| BILLY ROGERS,<br>    Plaintiff, | Case No. 1:10-cv-058 |
| | Barrett, J. |
| vs | Wehrman, M.J. |
| WARDEN, SOUTHERN<br>OHIO CORRECTIONAL FACILITY,<br>    Defendant. | **REPORT & RECOMMENDATION** |

Plaintiff initiated this action by way of a letter to the Southern District of West Virginia alleging that officials at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio failed to provide for his safety. (Doc. 1). His case was subsequently transferred to the Southern District of Ohio. *Id*.

On March 16, 2010, this Court dismissed plaintiff's case based on his failure to submit an application to proceed without prepayment of fees form and a completed complaint form setting forth the facts of his claims and the relief he is seeking within the time limit set by the Court. (Doc. 7).

On April 7, 2010, the Court granted plaintiff's motion for reconsideration of the order dismissing his case and ordered plaintiff to submit a copy of his complaint, summons form, and United States Marshal form for each of the defendants he names in the complaint, and an application to proceed *in forma pauperis* within thirty days. (Doc. 11). On May 11, 2010, plaintiff was granted a further extension of time until June 25, 2010 to submit these documents to the Court. (Doc. 14).

To date, plaintiff has failed to submit the necessary documents to initiate an action in this

federal court.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962).  *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).  Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power.  *See* Fed. R. Civ. P. 41(b).  Accordingly, dismissal is appropriate.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  Plaintiff's case be **DISMISSED** with prejudice for lack of prosecution.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: July 8, 2010                                                     s/ J. Gregory Wehrman
                                                                                    J. Gregory Wehrman
                                                                                    United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

BILLY ROGERS,                                          Case No. 1:10-cv-058
    Plaintiff,

                                                               Barrett, J.
    vs                                               Wehrman, M.J.

WARDEN, SOUTHERN
OHIO CORRECTIONAL FACILITY,
    Defendant.

**NOTICE TO THE PARTIES REGARDING FILING OF OBJECTIONS TO THIS R&R**

       Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to these proposed findings and recommendations within **FOURTEEN DAYS** after being served with this Report and Recommendation ("R&R").  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days (excluding intervening Saturdays, Sundays, and legal holidays) because this R&R is being served by mail.  That period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the R&R is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).